IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03255-MSK-MEH

INFONOW CORPORATION, d/b/a Channelinsight,

    Plaintiff,

v.

ZYME SOLUTIONS, INC.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery [filed January 11, 2013; docket #10]. The Motion is referred to this Court for disposition. (Docket #12.) For the reasons that follow, Plaintiff's Motion is **granted in part** and **denied in part** as described herein.

**I.**    **Background**

    Plaintiff initiated this action on December 14, 2012, asserting one claim of patent infringement against Defendant. (Docket #1.) On January 7, 2013, Defendant responded by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).[1] (Docket #7.) With respect to personal jurisdiction, Defendant argues that Plaintiff has failed to allege sufficient facts demonstrating that Defendant is subject to personal jurisdiction in Colorado. In particular, Defendant contends that it lacks sufficient business contacts with Colorado and has not engaged in

---

[1] Defendant's motion has recently been referred to this Court for recommendation. (Docket #7.)

sufficient transactions with Colorado to meet the due process requirements of the Fourteenth Amendment.

Plaintiff's pending Motion asks the Court to permit limited initial discovery regarding the jurisdictional issues raised in Defendant's Motion to Dismiss. Specifically, Plaintiff seeks to depose Chandran Sankaran (Defendant's founder and Chief Executive Officer) and a Rule 30(b)(6) designee. Despite Plaintiff's attempt to confer as required by D.C. Colo. LCivR 7.1A, Defendant has declined to indicate its position on the relief sought. (*See* docket #10 at 2.) Therefore, pursuant to D.C. Colo. LCivR 7.1C, the Court decides Plaintiff's Motion without a response from Defendant.

**II.     Discussion**

Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

In the Tenth Circuit, either party should be allowed discovery regarding factual issues raised in a motion to dismiss for lack of jurisdiction. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). It is an abuse of discretion to refuse such discovery "where pertinent facts bearing on the question of jurisdiction are controverted" or "where a more satisfactory showing of the facts is necessary." *Id*.

In this case, Defendant's Motion to Dismiss directly challenges the sufficiency of the jurisdictional facts asserted in Plaintiff's complaint. Additionally, Plaintiff identifies several points

of dispute between its understanding of Defendant's business and the representations contained in Defendant's Motion to Dismiss. Thus, the Court finds good cause for limited initial discovery regarding the jurisdictional issues raised in Defendant's Motion to Dismiss.

Although the Court finds that some discovery is warranted, the Court is not persuaded that a Rule 30(b)(6) deposition would be an efficient use of the parties' resources. Instead, the Court will permit Plaintiff to serve Defendant with seven (7) interrogatories regarding the issue of personal jurisdiction. These interrogatories will not be subtracted from the total number of interrogatories allotted to Plaintiff by the Federal Rules or the Court. With respect to Mr. Sankaran, Plaintiff's reasons for a deposition are more apparent in light of the affidavit Mr. Sankaran submitted in support of Defendant's Motion to Dismiss. Thus, the Court will allow Plaintiff to depose Mr. Sankaran for a period of no more than two (2) hours. This time will not be subtracted from the deposition time allotted to Plaintiff by the Federal Rules or the Court.

### III.    Conclusion

For the reasons described above and for good cause shown, Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery [filed January 11, 2013; docket #10] is **granted in part** and **denied in part**. Plaintiff shall serve its interrogatories on Defendant no later than **January 25, 2013**. Defendant shall have fourteen (14) days from the date of service within which to serve its responses. Additionally, Plaintiff may depose Mr. Sankaran at a time agreeable to the parties, but in no event later than **January 31, 2013**. Finally, Plaintiff shall file a response to Defendant's Motion to Dismiss on or before **February 20, 2013**. Defendant may file a reply in support of its motion fourteen (14) days after Plaintiff serves its response.

4

Entered and dated at Denver, Colorado, this 16th day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge