IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03255-MSK-MEH

INFONOW CORPORATION, d/b/a Channelinsight,

      Plaintiff,

v.

ZYME SOLUTIONS, INC.,

      Defendant.

---

**MINUTE ORDER**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 22, 2013.**

      Pending before the Court are Plaintiff's Motion to Restrict Access [filed February 20, 2013; docket #21] and Plaintiff's Expedited Unopposed Motion for Leave to Restrict Access to Certain Exhibits [filed February 21, 2013; docket #23]. Both Motions are **denied without prejudice** for the following reasons.

      First, Plaintiff's Motion to Restrict Access fails to designate a restriction level, as required by D.C. Colo. LCivR 7.2B5. The Motion also fails to comply with D.C. Colo. LCivR 7.1A. The Court reminds the parties that it "will not consider ***any motion***, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel. " D.C. Colo. LCivR 7.1A (emphasis added). It is the responsibility of the moving party to "state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule..." *Id.*

      Second, Plaintiff's Expedited Unopposed Motion for Leave to Restrict Access to Certain Exhibits fails to comply fully with D.C. Colo. LCivR 7.2. Pursuant to D.C. Colo. LCivR 7.2B, any motion to restrict public access to a document or proceeding must, among other showings, "[a]ddress the interest to be protected and why such interest outweighs the presumption of public access," and "[i]dentify a clearly defined and serious injury that would result if access is not restricted[.]" Plaintiff has not explained why its interest outweighs the interest of the public in accessing the information, nor has Plaintiff identified any specific injury that would result from public access to the documents it seeks to restrict. Rather, Plaintiff's Motion relies primarily on the confidential designation of the documents as determined by the protective order governing this litigation. However, Local Rule 7.2B2 makes clear that "stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access."

      Because Plaintiff's Motions are denied without prejudice, the Clerk of the Court is directed to maintain under seal at Restriction Level 1 dockets ##22 [and all exhibits attached thereto], 20-5, and 20-7 for an additional 10 days. After 10 days, the restriction shall be lifted unless the Court

orders otherwise.