IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03255-MSK-MEH

INFONOW CORPORATION, d/b/a Channelinsight,

    Plaintiff,

v.

ZYME SOLUTIONS, INC.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted [filed January 7, 2013; docket #7]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion is referred to this Court for recommendation. (Docket #13.) The matter is fully briefed, and the Court has determined that oral argument would not materially assist its adjudication of the Motion. For the reasons that follow, the Court respectfully RECOMMENDS the Motion be **GRANTED** as stated herein.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F.

## BACKGROUND

I.  **Allegations of Fact**

Because Defendant's Motion seeks dismissal under both Fed. R. Civ. P. 12(b)(2) and 12(b)(6), the Court must analyze two categories of facts under separate standards of review. Following this sequence, the Court will initially set forth those facts which are relevant to the Court's exercise of personal jurisdiction over Defendant. Thereafter, the Court will recount the facts alleged in Plaintiff's Complaint.

A.  Jurisdictional Facts

Pursuant to Federal Circuit law, which the Court must apply in resolving questions of personal jurisdiction, the Court construes all pleadings and affidavits in the light most favorable to Plaintiff. *Avocent Huntsville Corp. V. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328-29 (Fed. Cir. 2008). With the standard in mind, the Court accepts as true all uncontroverted allegations in the Complaint and resolves all factual conflicts between the parties' affidavits in Plaintiff's favor. *See id*. at 1329. However, the Court excludes from its analysis Plaintiff's conclusory recitation of the personal jurisdiction elements.

Defendant is a corporation duly organized and existing under the laws of the State of Delaware. (Docket #1 at ¶ 2.) Its principal place of business is in Redwood Shores, California. (*Id*.) According to its Chief Executive Officer, Chandran Sankaran, Defendant has neither an office nor any property in Colorado. (Docket #8-7 at ¶ 3.) Defendant is not liable for, and has never paid any taxes in Colorado. (*Id*. at ¶ 4.) Defendant is not registered with the Colorado Secretary of State as a foreign entity doing business in the state. (*Id*. at ¶ 5.) None of Defendant's employees or contractors live or work primarily in Colorado. (*Id*. at ¶ 6.)

---

App'x 381, 382-83 (10th Cir. 2009).

Defendant has no current customers with headquarters in Colorado. (*Id*. at ¶ 7.) Of the roughly 2,670 companies Defendant has identified as potential customers, approximately 60 have Colorado addresses. (*Id*. at ¶ 9.) On one occasion, Defendant sent two representatives to Colorado to discuss its products and services with a company known as Trimble Navigation. (Docket #20-5, 7-8.) Though Trimble Navigation is headquartered in California, it has offices in Colorado. (*Id*. at 8.) Mr. Sankaran maintains that Trimble Navigation is not currently a customer of Defendant. (*Id*.) However, Robert L. Smith, Plaintiff's Chief Executive Officer, asserts that on or around November 6, 2012, Trimble Navigation vice president Chris Gibson "informed [Plaintiff] that Trimble had decided to contract with [Defendant] for its channel marketing needs rather than [Plaintiff]." (Docket #20-6, ¶ 4.)

As described by Mr. Sankaran, Defendant's customers are suppliers and their channel partners are typically distributors, retailers, or resellers. (Docket #20-5 at 3.) Defendant provides its customers with information from channel partners regarding the customer's products. (*Id*.) Some of Defendant's customers have channel partners with offices in Colorado. (*Id*. at 5.) These customers include LSI, Logitech, Cisco, Sandisk, and Seagate. (Docket #20-6 at 5-15.)

B.    Substantive Facts

On October 23, 2012, the United States Patent and Trademark Office ("USPTO") issued United States Patent Number 8,296,258 B2 ("the '258 patent") titled "Automated Channel Market Data Extraction and Transformation." (Docket #1 at ¶ 7.) Plaintiff is the owner and assignee of all right, title, and interest in and to the '258 patent. (*Id*. at ¶ 8.) Plaintiff alleges that Defendant has infringed on the '258 patent by making, using, importing, offering to sell, and/or selling in the United States products and services that embody the inventions claimed in the '258 patent, including but not limited to its channel data solutions. (*Id*. at ¶ 9.)

3

## II.     Procedural History

Plaintiff initiated this action on December 14, 2012, asserting one claim of patent infringement against Defendant. (Docket #1.) On January 7, 2013, Defendant responded by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Docket #7.) With respect to personal jurisdiction, Defendant argues that Plaintiff has failed to allege sufficient facts demonstrating that Defendant is subject to personal jurisdiction in Colorado. In particular, Defendant contends that it lacks business contacts with Colorado and has not engaged in sufficient transactions with Colorado to meet the due process requirements of the Fourteenth Amendment.

Upon motion by Plaintiff, the Court permitted Plaintiff to engage in limited initial discovery regarding the jurisdictional issues raised in Defendant's Motion to Dismiss. (Docket #15.) Specifically, the Court authorized Plaintiff to serve on Defendant seven (7) interrogatories and to depose Mr. Sankaran for a period not exceeding two (2) hours. (*Id*. at 3.) Plaintiff provided the fruit of this discovery on February 20, 2013, along with its response brief. (Dockets ##20, 22.) Defendant submitted its reply on March 6, 2013. (Docket #31.)

## APPLICABLE LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(2)

The Court's personal jurisdiction over an out-of-state defendant depends on a two-step inquiry: "whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124, enables Colorado state courts to assert jurisdiction where a defendant's action outside of Colorado causes injury within the state. *Rugierri v. Gen. Well Serv., Inc.*, 535 F. Supp. 525, 533 (D. Colo. 1982). The Colorado Supreme Court has interpreted Colo. Rev. Stat § 13-1-124 to convey jurisdiction to the maximum

extent allowed by due process. *Id*. (citing *Jenner & Block v. District Court*, 590 P.2d 964, 966 (Colo. 1979)). Thus, the Court need only consider the jurisdictional requirements of the Constitution. *See id*.

Due process requires that a defendant have "sufficient minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). Depending on the nature of the contacts, a Court may assert either general or specific jurisdiction over the defendant. For a court to exercise general personal jurisdiction over an out-of-state defendant, the plaintiff must make a prima facie showing that "the defendant maintains contacts with the forum state that are sufficiently continuous and systematic, even when the cause of action has no relation to those contacts." *Grober*, 686 F.3d at 1345-46 (quoting *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)). Conversely, specific jurisdiction "can exist even if the defendant's contacts are not continuos and systematic." *Id*. at 1346 (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009)). However, "specific jurisdiction [] must be based on activities that arise out of or relate to the cause of action. . ." *Id*. When analyzing specific personal jurisdiction over a nonresident defendant, a courts must consider whether "(1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or relates to the defendant's activities within the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Id*. A plaintiff must prove parts one and two of the test, which correspond with the "minimum contacts" prong of *International Shoe v. Washington*, 326 U.S. 310 (1945). *Id*. After the plaintiff has done so, "the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Id*. The third factor considers *International Shoe*'s "fair play and substantial justice" prong of analysis. *Id*.

**II.      Fed. R. Civ. P. 12(b)(6)**

The sufficiency of a complaint alleging direct patent infringement is determined Fed. R. Civ. P. 84 and Form 18. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Fed. R. Civ. P. 84 provides that "the forms in the appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." In the patent context, Form 18 requires: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by "making selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given defendant notice of its infringement; and (5) a demand for an injunction and damages. *In re Bill of Lading*, 681 F.3d at 1334.

The Federal Circuit has recently clarified that "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element if a claim is met." *Id*. Nor must a plaintiff "even identify which claims it asserts are being infringed." *Id*. As long as the pleading conforms to the requirements of Form 18, it "cannot be successfully attacked." *Id*.

## ANALYSIS

Defendant's Motion asserts three primary contentions: (1) the '258 patent is invalid because the subject matter is not patent-eligible; (2) Plaintiff fails to plead sufficient facts to support its claim of patent infringement; and (3) the Court lacks personal jurisdiction over Defendant. The Court will address the jurisdictional question first before assessing the sufficiency of the Complaint. Within the second inquiry, the Court will first determine whether the pleading conforms to Form 18. If necessary, the Court will consider last Defendant's assertion of invalidity.

**I.      Personal Jurisdiction**

Because Colorado's long-arm statute conveys jurisdiction to the full extent permitted by due process, the Court need only consider whether the Court's exercise of personal jurisdiction over Defendant meets the constitutional threshold. In its response, Plaintiff asserts both specific and general jurisdiction over Defendant. Given the independent sufficiency of either basis, the Court will consider each only as necessary.

The Court begins with specific jurisdiction. As the party asserting specific jurisdiction over an out-of-state defendant, Plaintiff has the burden of demonstrating that Defendant (1) purposefully directed its activities at residents of Colorado; and (2) its claim in this litigation arises out of or relates to Defendant's activities in Colorado. *See Grober*, 686 F.3d at 1346  If Plaintiff establishes these elements, the Court will consider whether Defendant can show that the Court's exercise of personal jurisdiction is inconsistent with reason and fairness.

As a general matter, the Supreme Court has suggested that a defendant who targets a forum by sending its goods or its agents to the forum has purposefully availed itself of that forum's jurisdiction. *See J. McIntryre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (internal quotations and citations omitted) (observing that sometimes "a defendant purposefully avails itself of the privilege of conducting activities within the forum state ... by sending its goods rather than its agents."). More specifically, the Federal Circuit has recognized that travel to the forum for the purpose of sale or negotiation evinces a defendant's purposeful direction of activities. *See Synthes v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1298 (Fed. Cir. 2009) (finding minimum contacts where defendant "purposefully directed its travel" to the forum and then displayed the accused product at a trade show); *Deprenyl Animal Health, Inc. v. Univ. Toronto Innovations Found.*, 297 F.3d 1343, 1352 (Fed. Cir. 2002) (finding "significant" and sufficient minimum contacts where defendant's president twice traveled to forum state to negotiate license

7

agreement); *Inamed Corp. v. Kuzamak*, 249 F.3d 1356, 1361-62 (Fed. Cir. 2001) (finding sufficient minium contacts when defendant traveled to forum state for a "get acquainted session" before negotiating a license agreement over the phone from a different state).  Courts in this district have agreed. *See Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1252 (D. Colo. 2010) (defendant who marketed its products through a distributor/sales agent in the Colorado "purposefully directed its activities at residents of Colorado.").

In arguing that Defendant purposefully directed its activities at this forum, Plaintiff highlights Defendant's sales and marketing efforts toward Trimble Navigation employees in Colorado, including travel to Colorado to discuss Defendant's products with Trimble Navigation representatives.  According to Plaintiff, Trimble Navigation has a number of employees located in Colorado, including vice presidents Peter Large and Chris Gibson.  (Docket #20-6 at ¶ 4.)  Defendant contends that its contact with Trimble Navigation and corresponding travel to Colorado are insufficient because Trimble Navigation is headquartered in California and, thus, is not a "resident" of the forum state.  In the Court's view, this distinction is immaterial.  Defendant cites, and the Court finds, no cases in which the out-of-forum headquarters of a particular business has undermined the significance of travel to the forum for purposes of sales or negotiations. To the contrary, as noted above, an abundance of case law supports Plaintiff's assertion that Defendant has purposefully directed its activities at this forum by sending its agents to meet with Trimble Navigation representatives for the purpose of enticing Trimble Navigation to purchase Defendant's products and services.  This element is satisfied.

In "ordinary" patent infringement suits where the patentee plaintiff alleges that "some act of making, using, offering to sell, selling, or importing products or services by the defendant constitutes an infringement of the presumptively valid patent named in suit[,]" the infringement

8

claim "both arises out of an relates to the defendant's alleged manufacturing, using, or selling of the claimed invention." *Avocent Huntsville Corp.*, 552 F.3d at 1332. Plaintiff's Complaint is of the "ordinary" variety insofar as it alleges Defendant infringed on the '258 patent by "making, using, importing, offering to sell, and/or selling ... products and services that embody the inventions claimed in the '258 patent. . ." Though more is not required, Plaintiff's response also claims that Defendant's Colorado marketing efforts were successful at winning Trimble Navigation's business. Despite Defendant's contention that it has not yet secured a relationship with Trimble Navigation, the Court must credit Plaintiff's account of the events. Considering this specific assertion in conjunction with the more general allegations set forth in the Complaint, the Court finds that Plaintiff's claims arise out of and relate to Defendant's contact with this forum.

Defendant's Motion and reply brief focus predominately on the first and second prongs of the of specific jurisdiction inquiry. Though Plaintiff's response provides several reasons why the Court's exercise of jurisdiction is neither unreasonable nor unfair, it is not Plaintiff's burden to negate this prong. To the contrary, it is Defendant who must persuade the Court that despite its minimum contacts with the forum state, other facts undermine due process. *Grober*, 686 F.3d at 1345-46. Defendant has failed to do so.

Because Plaintiff has carried its burden regarding the first two prongs of the specific jurisdiction inquiry and Defendant has not demonstrated that the Court's exercise of personal jurisdiction is unreasonable or unfair, the Court finds that due process would not be offended by requiring Defendant to proceed with the litigation in this forum. Therefore, Court recommends the District Court deny Defendant's Motion to Dismiss as it pertains to Fed. R. Civ. P. 12(b)(2).

## II.     Sufficiency of the Complaint Pursuant to Form 18

Though Defendant acknowledges that Fed. R. Civ. P. 84 and Form 18 govern the sufficiency

of Plaintiff's Complaint, it urges the Court to apply the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under these standards, Defendant argues that Plaintiff's Complaint must be dismissed because it fails to identify the specific products and services that infringe the '258 patent. Defendant notes that it offers five separate products with a number of various sub-offerings, and Plaintiff's allegation that Defendant's "channel data and solutions products and services" infringe does not provide adequate notice under *Twombly* and *Iqbal*. On the topic of notice, Defendant further contends that dismissal is warranted because Plaintiff's Complaint lacks a statement of notice otherwise required in Form 18.

*In re Bill of Lading* clarifies the Federal Circuit's position on the applicability of *Twombly* and *Iqbal* to patent claims as follows: "These cases address the civil pleading standards in a variety of contexts[, but] [n]one address the sufficiency of a complaint alleging patent infringement or causes of action for which there is a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure. . ." 681 F.3d at 1333-34. Worded more strongly, "to the extent ... *Twombly* and its progeny conflict with the Forms and create different pleading requirements, the Forms control." *Id*. at 1334. In light of the Federal Circuit's strict adherence to Form 18, the Court declines to apply the pleading requirements of *Twombly* and *Iqbal* in its analysis. With the more narrow requirements of Form 18 in mind, the Court considers Defendant's particular challenges to the Complaint; namely, its failure to identify a specific infringing product or service and Plaintiff's failure to provide or allege any notice of infringement.

Regarding the specificity of the Complaint, "Form 18 only requires identification of a general category of products; for example, 'electrical motors.'" *Fairchild Semiconductor Corp. v. Power Integrations*, --- F. Supp. 2d ----, 2013 WL 1309413, at *2 (D. Del. Mar. 29, 2013). Though "it is not necessary to identify specific products, i.e. model names," a complaint "must mimic Form

10

18. . ." *Xpoint Tech., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010). Relying on these principles, most courts have tended to avoid dismissal for lack of specificity. *See Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90-JRG, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012) (accused "computer server(s)" sufficiently specific to satisfy Form 18); *LML Patent Corp. v. Nat'l Bank of Daingerfield*, No. 2:09-cv-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (accused "payment services" sufficiently specific to satisfy Form 18); *Automated Transactions, LLC v. First Niagra Fin. Grp., Inc.*, No. 10-CV-00407(A)(M), at *5, 2010 WL 5819060 (W.D.N.Y. Aug. 31, 2010) (finding sufficient specificity of accused "ATMs" where defendant "carried a variety of models in that category"). Others have found that greater specificity is needed where an allegation of infringement potentially covers an expansive line of products or services. *See Prisim Tech., LLC v. Sprint Spectrum, L.P.*, No. 8:12CV123, 2012 WL 3867983, at *3-*4 (D. Neb. Sept. 6, 2012) (dismissing direct infringement claim for lack of specificity where plaintiff accused "various wireless products and data services" but permitted leave to amend); *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (dismissing infringement claim where accused "software and hardware products" implicated defendant's "4000-plus products"). In the Court's view, the former line of cases are more applicable here.

Although Plaintiff's accusation of "channel data solutions and product services" may implicate the entirety of Defendant's offerings, "there is nothing inherently implausible about an allegation that a large number of a defendant's various product lines infringe the patent when those product lines may be expected to have certain components, i.e. computer chips in common and the patent claims technology relating to those components." *Bender v. Broadcom Corp.*, C 09-1147 MHP, 2009 WL 3571286, at *4 (N.D. Cal. Oct. 30, 2009). Moreover, unlike the allegation in

*Hewlett-Packard* which reached multiple thousands of products, Defendant concedes that only five solutions are potentially covered by the '258 patent. If Defendant seeks greater detail regarding the identity of the infringing products, it may serve an interrogatory requesting that information. *See Automated Transactions, LLC*, 2010 WL 5189060 at *5.

Though the Court does not believe that dismissal is warranted based on Plaintiff's description of the accused products, the absence of any statement of notice is more concerning. Relying on a published decision from the Eastern District of Virginia, Plaintiff argues that the Complaint itself provides sufficient notice of the claim for purposes of recovering damages under 35 U.S.C. § 287(a). *See W.L. Gore & Assoc. v. Medtronic USA, Inc.*, 778 F. Supp. 2d 667, 677 (E.D. Va. 2011). The court in *Medtronic* reasoned that because notice affects only damages and is not a required element of a patent claim, failure to provide or allege pre-suit notice does not warrant dismissal under Rule 12(b)(6). *Id*. Other courts have reached the same conclusion. *See ArCzar, Inc. v. Navico, Inc.*, No. 11-CV-805-CVE-PJC, 2012 WL 3150815, at *3 (N.D. Okla. Aug. 2, 2012) (declining to dismiss pleading which failed to allege that plaintiff gave defendant pre-suit notice of the alleged infringement because "courts have not found this to be a fatal pleading defect, as the filing of the complaint is sufficient to give a defendant notice of the alleged patent infringement."); *Driessen v. Sony Music Entm't*, --- F. Supp. 2d ----, 2012 WL 5293039, at *3 (D. Utah Oct. 23, 2012) (finding pre-suit notice unnecessary in light of the notice provided by service of a complaint).

The Court's concern arises from what appears to be clear Federal Circuit precedent requiring that a Complaint alleging direct infringement include "(4) a statement that the plaintiff has given defendant notice of its infringement." *In re Bill of Lading*, 681 F.3d at 1334 (setting forth the elements that "Form 18 *requires*") (emphasis added). Form 18 arguably lowers the pleading threshold for direct infringement claims beneath the *Twombly* and *Iqbal* standards applied in other

12

contexts. The Court declines to further reduce the bar by overlooking the absence of an element which the Federal Circuit has deemed essential to Form 18. Therefore, pursuant to *In re Bill of Lading*, the Court must recommend that Plaintiff's Complaint be dismissed for failure to provide "a statement that the plaintiff has given defendant notice of its infringement." *See Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 2:10-cv-1043, 2010 WL 5053919, at *5 (W.D. Pa. Dec. 2, 2010) (dismissing direct infringement claim where the underlying complaint "[did] not contain any averments regarding 'notice' of the infringement" because "such 'notice' is an essential element of the prima facie case. . .").

Though the Court recommends dismissal of the Complaint, the Court additionally recommends that Plaintiff be given an opportunity to amend its pleading to add the requisite statement of notice. *See id.* (granting plaintiff leave to amend upon dismissal for failure to allege notice). Contrary to Defendant's contention that amendment would not correct the defect because "pre-suit" notice is needed, *In re Bill of Lading* does not qualify the notice requirement in this way. The Court agrees with *Medtronic* insofar as it finds that a complaint in a civil action meets the notice requirements of 35 U.S.C. § 287(a). In the Court's view, a statement describing such notice would also satisfy the pleading elements set forth in *In re Bill of Lading*. However, the Court cannot find that the notice which arises from filing a complaint is equivalent to "a statement that the plaintiff has given defendant notice of its infringement." *See In re Bill of Lading*, 681 F.3d at 1334. Such a finding would, in the Court's view, render the element superfluous.

To summarize, though Plaintiff's Complaint adequately identifies the accused products, it does not meet the requirements of Form 18 as described in *In re Bill of Lading* because it contains no statement indicating that Plaintiff has given Defendant notice of its infringement. The Court recommends the Complaint be dismissed on that basis, but that Plaintiff be given an opportunity to

amend in order to properly allege notice of the infringement.

## III.     Invalidity

As a third basis for dismissal, Defendant contends that the '258 patent is invalid under 35 U.S.C. § 101 and the Supreme Court's decision in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010). Because the Court has recommend dismissal on a separate basis, it is unnecessary to reach the validity of the '258 patent at this time. Additionally, the Court has reservations about resolving questions of validity prior to discovery or claim construction. *See Investpic, LLC v. FastSet Research Sys., Inc.*, Civ. No. 10-1028-SLR, 2011 WL 4591078, at *1 (D. Del. Sept. 30, 2011) (declining to address the merits of a *Bilski* defense in the absence of either discovery or claim construction); *but see OIP Tech., Inc. v. Amazon.com, Inc.*, No. C-12-1233, 2012 WL 3985118, at *5 (N.D. Cal. Sept. 11, 2012) (engaging in *Bilski* analysis prior to claim construction where plaintiff failed to explain how claim construction would affect subject matter eligibility analysis). This is particularly true where, as here, the parties dispute what the patent claims and the effect of various words in the patent on those claims. (*See* docket 8 at 10-11; docket #20 at 27-28). Therefore, the Court declines to recommend dismissal on the basis of invalidity a this stage in the litigation.

## CONCLUSION

As described above, the Court finds that Plaintiff has met its burden of demonstrating that Defendant purposefully directed its activities at this forum and that such activities arise out of or relate to Plaintiff's claims in this lawsuit. Because Defendant has failed to show that personal jurisdiction is otherwise unfair or unreasonable, the Court's exercise of personal jurisdiction over Defendant in this case does not violate due process. To the extent that Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, the Court recommends the Motion be denied. With regard to the sufficiency of the pleading, the Court finds that Plaintiff's Complaint

meets some but not all of Form 18's required elements. Though Plaintiff's Complaint adequately identifies the accused products and services, it fails to provide any statement indicating notice of the alleged infringement. Thus, the Court recommends the District Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Consistent with these findings, the Court respectfully RECOMMENDS Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [filed January 7, 2013; docket #7] be **GRANTED** as stated herein. Contemporaneously, the Court also RECOMMENDS the District Court grant Plaintiff an opportunity to cure the aforementioned defect through amendment.

Entered and dated at Denver, Colorado, this 29th day of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge